IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 6 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-02133-BNB

BRIAN EDWARD PATRICK BERCHMANS O'CONNELL,

Applicant,

v.

STEVE GREEN, Warden of Delta Correctional Center, and
JOHN WILLIAM SUTHERS, the Attorney General of the State of Colorado,

Respondents.

## ORDER OF DISMISSAL

Applicant, Brian Edward Patrick Berchmans O'Connell, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Delta Correctional Facility in Delta, Colorado. Mr. O'Connell initiated this action by filing a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in Jefferson County District Court case number 04-CR-1655. He filed an amended application on September 6, 2011. He has paid the $5.00 filing fee.

The Court must construe the amended application liberally because Mr. O'Connell is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the amended application.

1

The amended application alleges that Mr. O'Connell was charged with twenty criminal counts relating to his naturopathic medicine practice. Prior to trial, he agreed to plead guilty to one count of illegal practice of medicine, one count of perjury, one count of theft, one count of criminally-negligent homicide, and one count of third-degree assault in exchange for dismissal of the other counts. He was subsequently sentenced to a total of thirteen years in the custody of the DOC.

On November 26, 2007, Mr. O'Connell filed a post-conviction motion allegeing that he accepted the plea offer because of ineffective assistance of counsel. On December 13, 2007, the trial court summarily denied the motion without appointing counsel or holding a hearing. On February 25, 2010, the Colorado Court of Appeals affirmed the trial court. *See People v. O'Connell*, 08CA0318 (Colo. App. Feb. 25, 2010) (unpublished decision). Mr. O'Connell filed a petition for certiorari review, which the Colorado Supreme Court denied on May 9, 2011. *See O'Connell v. People*, No. 11SC062 (Colo. May 9, 2011) (unpublished decision).

In the instant action, Mr. O'Connell asserts two claims for relief. As his first claim, he asserts that he was denied due process when the trial court denied without a hearing the ineffective assistance of counsel claims raised in Mr. O'Connell's Rule 35(c) motion. His second claim is repetitive of his first claim, alleging again that the state court erred in failing to hold a hearing on his post-conviction motion.

The Court finds that these claims must be dismissed because the facts alleged by Mr. O'Connell in support of the claims do not state a cognizable federal constitutional claim. There is no federal constitutional right to post-conviction review in

the state courts. See *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Therefore, a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); see also *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding").

Mr. O'Connell alleges in his claims for relief that he was denied due process because the trial court denied his Rule 35(c) motion without a hearing, and because the Colorado appellate court and supreme court affirmed this decision. The fact that the Rule 35(c) motion was denied without a hearing relates solely to state court post-conviction proceedings and does not challenge the judgment of conviction that provides the basis for Mr. O'Connell's incarceration. Therefore, Mr. O'Connell may not raise these claims for relief in a habeas corpus action. Accordingly, it is

ORDERED that Applicant's claims for relief are dismissed for failure to state a federal constitutional claim. It is

FURTHER ORDERED that the Amended Application is denied and the action is dismissed. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this 26th day of September, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-02133-BNB

Brian Edward Patrick Berchmans O'Connell
Prisoner No. 130738
Delta Correctional Center
4102 Sawmill Mesa Rd
Delta, CO 81416

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on September 26, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk